UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
01 APR 23 PM 12: 0\`
U.S. DISTRICT COURT
N D OF ALABAMA

SHERYL KIRKHAM, )
)
    Plaintiff, )
)
vs. ) Civil Action No: CV-00-S-3035-NE
)
COMMUNITY ACTION AGENCY OF )
HUNTSVILLE, MADISON AND )
LIMESTONE COUNTIES, INC., )
EDWIN HILL, ETC., )
ANITA HUMPHREY, ETC. )
)
    Defendants. )

ENTERED
APR 23 2001

## MEMORANDUM OPINION

Plaintiff, Sheryl Kirkham, claims defendants discriminated against her on the basis of a disability, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 704 *et seq.* Defendants Edwin Hill and Anita Humphrey[1] ask the court to dismiss plaintiff's claims against them for failure to state a claim upon which relief can be granted (doc. no. 6). Plaintiff concedes that her ADA claims against Hill and Humphrey are due to be dismissed. Accordingly, this court will address only the propriety of plaintiff's Rehabilitation Act claims against the movants.

---

[1] Plaintiff's complaint listed as a defendant Anita "Humphries." Defendants' reply in support of their motions to dismiss, which was filed six days late, asserts that defendant's name is spelled "Humphrey."

Section 504 of the Rehabilitation Act of 1973 provides that

> [t]he standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under Title I of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12111 et seq.) and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. 12201-12204 and 12210), as such sections relate to employment.

29 U.S.C. § 794(d). It is well settled in the Eleventh Circuit that the ADA "does not provide for individual liability, only for employer liability." *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996). The Eleventh Circuit subsequently relied on *Mason* to affirm a district court's dismissal of a plaintiff's Rehabilitation Act claims against two company officials, saying that the plaintiff's "remedy for any discrimination she may have suffered on account of her alleged disability lies against her employer, not individual officers of her employer." *Pritchard v. Southern Company Services*, 102 F.3d 1118, 1119 n.7 (11th Cir.) (citing *Mason*, 82 F.3d at 1009), *modifying* 92 F.3d 1130 (11th Cir. 1996).

Even so, plaintiff asserts that, prior to the *Mason* decision, another panel of the Eleventh Circuit had held that the Rehabilitation Act permits suits against individual officers. *See Lussier v. Dugger*, 904 F.2d 661 (11th Cir. 1990). She maintains that this court is bound by the prior panel precedent rule, unless

2

and until the *Lussier* holding is overruled by Congress, the Supreme Court, or the Eleventh Circuit sitting *en banc*. *See, e.g., United States v. Steele*, 147 F.3d 1316, 1317-18 (11th Cir. 1998) (en banc); *Saxton v. ACF Industries, Inc.*, 239 F.3d 1209, 1215-16 (11th Cir. 2001). The dispositive issues in *Lussier* are convoluted, but it nevertheless is necessary to attempt to comprehend them, before directly addressing plaintiff's argument.

In *Lussier*, a former employee of the Florida Department of Corrections brought suit under the Rehabilitation Act and 42 U.S.C. § 1983, alleging that various officials of that department had discriminated against him because of a handicap. The district court entered summary judgment in favor of defendants, in part because plaintiff had worked for a division of the department that did not receive federal funds. Ten days after the entry of summary judgment, plaintiff filed a motion for reconsideration, "arguing for the first time that the Civil Rights Restoration Act of 1987 [102 Stat. 29, P.L. 100-259 (codified with respect to the Rehabilitation Act at 29 U.S.C. § 794(b))] extended the scope of [Rehabilitation Act] § 794 to defendants" and the division in which he had been employed. 904 F.2d at 664.

> The district court denied said motion to reconsider on the grounds that Lussier could not raise a new legal

argument after final judgment had been rendered against him when that argument had been available to him at the time at which Lussier had earlier responded to defendants' motion for summary judgment. Moreover, the district court stated that, under any circumstances, the Civil Rights Restoration Act of 1987 should not be given retroactive application in this case.

*Id.* at 665. The Eleventh Circuit reversed, holding that the 1987 Act — which, among other things, amended the Rehabilitation Act's definition of the term "program or activity"[2] — did apply retroactively. *Id.* at 667. The court further held that "the district court's refusal to correct a ten-day-old order, when that order reached a result contrary to the clear intent of Congress, constitutes an abuse of discretion." *Id.* at 668. The case therefore was remanded to the district court with directions to permit the plaintiff to proceed with his claim under § 794 of the Rehabilitation Act.

A subsidiary issue addressed in the *Lussier* opinion was whether the district had correctly concluded "that the Eleventh Amendment bars Lussier from obtaining all of the retroactive pay and retroactive benefits under § 794 which Lussier seeks." *Id.* at 669. The Eleventh Circuit found that the lower court had erred, but only in part. The court's holding on this issue — which must

---

[2] *See* Lussier v. Dugger, 904 F.2d 661, 665 n.5 (11th Cir. 1990) (specifying amendments to 29 U.S.C. § 794(b)(1)).

4

be understood, in order to correctly rule upon the argument made by plaintiff Sheryl Kirkham in the present case — had three parts. First, a 1986 amendment to the Civil Rights Act of 1964, 42 U.S.C. § 2000d-7(a)(1), expressed an "unequivocal congressional intent to abrogate the States' Eleventh Amendment immunity." *Id.* (internal quotation marks and citation omitted). Second, "[t]he statute further states that remedies for Rehabilitation Act violations 'are available for such a violation to the same extent as such remedies are available for such a violation in the suit against any purblic or private entity other than a State.'" *Id.* (*quoting* 42 U.S.C. § 2000d-7(a)(2)).

> Finally, Congress expressly provided an effective date for the application of the amendment, stating that § 2000d-7 is to be applied "to violations occurring in whole or in part after October 21, 1986." § 2000d-7(b). Thus, the district court was correct ... in denying retroactive relief to Lussier for any violation which may have occurred prior to the amendment's effective date of October 21, 1986. However, Lussier also claims that his rights under § 794 have been violated since that date, by virtue of the State's refusal to rehire him, and that, therefore, the district court erred in striking his claims for back pay and benefits from October 21, 1986 to the present.

*Id.* at 669-70. The Eleventh Circuit agreed, and expressly ordered that, upon remand, "the district court should afford Lussier an opportunity ... to amend his complaint with allegations of

discrimination occurring after the effective date of § 2000d-7." *Id.* at 670 & n.10. The court then added the following statement in a footnote:

> Section 794 suits against individual state and local officials acting in their individual capacities have often been brought and entertained. *See, e.g., School Board of Nassau County v. Arline*, 480 U.S. 273, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987), *aff'g* 772 F.2d 759 (11th Cir. 1985); *Norcross v. Sneed,* 573 F. Supp. 533, 535 (W.D. Ark. 1983), *aff'd,* 755 F.2d 113 (8th Cir. 1985); *jennings v. Alexander*, 518 F. Supp. 877 (M.D. Tenn. 1981). However, upon remand, the district court should afford to those defendants who are named in their individual capacities the opportunity to amend their answers to Lussier's amended complaint to include the affirmative defense of qualified immunity under *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), and its progeny, since those defendants may be entitled to such immunity for acts taken before March 22, 1988[,] when Congress enacted the Civil Rights Restoration Act of 1987. Seemingly, until March 22, 1988, those defendants acted in reliance upon the Supreme Court's decision in *Grove City*, see Part I *supra*, and may, in the light of questions concerning retroactive application of that statute, have so acted thereafter. Further, the qualified immunity defense may be applicable with respect to actions taken by those defendants in their individual capacities before a contagious disease was held to be a handicap covered by § 794. *See Arline v. School Board of Nassau County*, 772 F.2d 759 (11th Cir. 1985), *aff'd* in *School Board of Nassau County v. Arline, supra*. As to claims by plaintiff against defendants in their official capacity for monetary compensation, the Eleventh Amendment issues are dealt with in Part IV, *supra*, and, of course, the Eleventh Amendment does not bar Lussier's claims for equitable relief under § 794 against defendants named in this case in their official capacities. *See Cory v. White*, 457 U.S. 85, 89, 102 S.Ct. 2325, 2328, 72 L.Ed.2d 694 (1982); *Ex parte Young*,

209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

Id. n.10 (citations omitted).

The Eleventh Circuit recently re-addressed the prior panel precedent rule in United States v. Hunter, 172 F.3d 1307 (11th Cir. 1999), in which the court reiterated the rule, saying that "under our circuit's operating law, we must follow the holding of a prior panel even if we believe it is wrong." Id. at 1310 (citing Wascura v. Carver, 169 f.3d 683 (11th Cir. 1999), and United States v. Steele, 147 F.3d 1316, 1317-18 (11th Cir. 1998)). Even so, the Hunter opinion stressed that the rule "does not require us to follow the language of the accompanying opinion that is unnecessary to the decision, i.e., <u>we are not required to follow dicta</u>." Id. (emphasis supplied). "Dicta has its place and serves some purposes." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1314 (11th Cir. 1998) (Carnes, J., concurring). Generally, statements contained in dicta are less reliable than judicial holdings. Id. at 1315. Thus, "dicta in [Eleventh Circuit] opinions is not binding on anyone for any purpose." Id.

Accordingly, the question in the instant case is "what is the [Lussier] holding, and what is merely dicta." Id. at 1310. This court finds the footnote cited by plaintiff is "merely dicta." As

7

discussed above, the issues confronting the Eleventh Circuit in *Lussier* were the retroactivity of the Civil Rights Act of 1987, and the effect of plaintiff's failure to argue that it should be retroactively applied in his opposition to summary judgment and motion for reconsideration. The Eleventh Circuit's reference to individual liability under the Rehabilitation Act was merely an indication to the district court that the defendants should be allowed to amend their answers to reflect the plaintiff's amended complaint. *See Lussier*, 904 F.2d at 670. The Eleventh Circuit did not <u>decide</u> in *Lussier* that individual officers may be held liable under the Rehabilitation Act. In *Pritchard*, on the other hand, a panel of the Eleventh Circuit <u>expressly</u> <u>held</u> that a plaintiff's "remedy for any discrimination she may have suffered on account of her alleged disability lies against her employer, not individual officers of her employer." *Pritchard*, 102 F.3d at 1119. The court upheld the district court's grant of summary judgment on that basis.

Plaintiff implores this court to adopt the reasoning of *Johnson v. New York Hospital*, 897 F. Supp. 83 (S.D.N.Y. 1995), in which a judge sitting in the Southern District of New York held that Congress did not intend for the ADA's definition of "employer"

to usurp the "previously unencumbered application" of the Rehabilitation Act. *Id.* at 85. Accordingly, the court found individual liability was possible under the Rehabilitation Act, *if* the individual defendant sued by the plaintiff was in a position to accept or reject federal assistance. *Id.* Even so, this court finds that the holding in *Johnson* is contrary to the law in the Eleventh Circuit, and that defendants' motion to dismiss is due to be granted. *See Pritchard*, 102 F.3d at 1119; *Mason*, 82 F.3d at 1009.

DONE this the 23rd day of April, 2001.

_____
United States District Judge